UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

GREGORY MONTGOMERY,

    Plaintiff,

    v.                                   CAUSE NO. 1:25-CV-383-HAB-ALT

SHARON TUCKER, et al.,

    Defendants.

OPINION AND ORDER

Gregory Montgomery, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) This pleading supersedes his original complaint (ECF 1) and controls the case from this point forward. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Montgomery is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Montgomery is incarcerated at the Allen County Jail. He sues two prosecutors and a public defender, asserting without elaboration, "My Sixth and Fourteenth Amendment Rights Were Violated/Due Process." (ECF 8.) Public records reflect that he is currently facing attempted murder charges in Allen County.[1] *State v. Montgomery*, No. 02D05-2212-F1-000041 (Allen Sup. Ct. filed Dec. 21, 2022). He cannot challenge the pending criminal charge or obtain release from custody in this civil rights case if that is his intent. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). To the extent he has an available remedy in federal court to challenge his detention pursuant to the pending charge, it would be under the federal habeas corpus statute. *Id.*; *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (outlining limited habeas relief available to state pretrial detainees). His claims for damages against the three named defendants cannot proceed, however. The prosecutors are immune from suit for their actions taken on behalf of the state in his criminal case, *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), and his public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Therefore, the amended complaint does not state a claim for relief against any defendant. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Montgomery already amended his complaint once as a matter

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

of right, but in fairness he will be given an additional opportunity to amend in response to this screening order. If, after reviewing this order, he believes he can state a plausible constitutional claim, he may file a second amended complaint.

Montgomery also filed two motions. (ECF 3, 4.) It appears these filings were made in connection with the allegations in his original complaint about an alleged "Code of Silence" in Allen County. However, the original complaint became void upon the filing of the amended complaint. *Flannery*, 354 F.3d at 638. The motions appear to be moot. In the event they are not moot, they cannot be granted for other reasons.

In the first motion (ECF 3) he appears to ask that he be allowed to proceed on behalf of other inmates, but he cannot do so because there is no indication he is a licensed attorney. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Alternatively, he may be asking to "join" this case with another case filed a by an inmate-plaintiff. Under Federal Rule of Civil Procedure 20(a)(1), "persons may join in one action as plaintiffs" if their claims arise out of the same transaction or occurrence, and their claims involve some common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A)-(B). He does not clearly identify which case he wants to "join" with this one, but in any event, he has not been granted leave to proceed on any claim. The court cannot determine whether joinder with another case might be appropriate without knowing whether he will replead and, if so, whether his claims can survive screening under 28 U.S.C. § 1915A. This motion will be denied.

It is not entirely clear what relief he is seeking in his second motion. (ECF 4.) He references "attached exhibits," but there is nothing attached to the motion. It appears

from this and a "probable cause" affidavit he filed (ECF 5) that he is trying to initiate criminal charges against one or more individuals. However, he has no authority to initiate criminal charges as a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) (observing that federal criminal prosecution is "an executive function within the exclusive prerogative of the Attorney General"). This motion will be denied.

For these reasons, the court:

(1) DENIES the plaintiff's motions (ECF 3, 4);

(2) GRANTS the plaintiff until **October 17, 2025**, to file an amended complaint as outlined in this order; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on September 17, 2025.

                                            s/ Holly A. Brady
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT